United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY RIOS,
    Plaintiff,

v.

LEADWELL GLOBAL PROPERTY LLC,
    Defendant.

Case No. 21-cv-00267-PJH

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, GRANTING IN PART AND DENYING IN PART REQUESTS FOR JUDICIAL NOTICE**

Re: Dkt. No. 15, 15-2, 22

Before the court is defendant's motion to dismiss. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for June 3, 2021, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**I.    Background**

Plaintiff Mary Rios is a California resident and an individual with physical disabilities. FAC ¶ 1. Plaintiff is a veteran ADA tester. FAC ¶ 26. Defendant Leadwell Global Property, LLC, is the owner of Mark Hopkins San Francisco Hotel ("Hotel"), which is located at 999 California Street, San Francisco, California. FAC ¶ 2.

Plaintiff uses a wheelchair for mobility and requires an accessible guestroom when staying in a hotel. FAC ¶¶ 1, 15. Plaintiff considered staying at the Hotel for a trip to the San Francisco area planned in October 2020. FAC ¶¶ 12, 13. When visiting the Hotel's website located at https://www.intercontinentalmarkhopkins.com on September 17, 2020, plaintiff found the accessibility information insufficient to "assess independently" if a

United States District Court
Northern District of California

1  particular hotel room would meet her needs.[1] FAC ¶¶ 16, 18.

2  Plaintiff contends that the website did not comply with 28 C.F.R. section 36.302(e) because it "failed to identify and describe . . . the core accessibility features in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets her accessibility needs." FAC ¶ 23.

Plaintiff brings one cause of action for violation of the Americans with Disabilities Act of 1990 ("ADA") (FAC ¶¶ 29-32), and one cause of action for violation of California's Unruh Civil Rights Act (FAC ¶¶ 33-36). Plaintiff seeks injunctive relief, equitable nominal damages, statutory damages, and attorneys' fees and costs. FAC, Prayer ¶¶ 1-4.

Plaintiff filed the original complaint on January 11, 2021. Dkt. 1. After the parties extended the deadline for defendant's response, defendant filed the instant motion to dismiss pursuant to Rule 12(b)(6), along with a request for judicial notice. Dkt. 15. Plaintiff filed the first amended complaint ("FAC") in response. Dkt. 16. Defendant moved for an order allowing its motion to dismiss to serve as its response to the FAC, and the court granted the motion. Dkt 18-19. Plaintiff opposed on April 28. Dkt. 20. Defendant replied on May 5 and included an additional request for judicial notice. Dkt. 21-22.

**II.  Requests for Judicial Notice**

Federal Rule of Evidence 201 permits a court to notice a fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).

In its request for judicial notice in support of the motion (Dkt. 15-2), defendant asks the court to take judicial notice of certain material including:

1) A copy of the Mark Hopkins San Francisco Hotel website and the Public Area and

---

[1] While the briefs of both parties simultaneously refer to plaintiff as "he" and "she," the court will use the pronoun set forth in the FAC, which consistently refers to plaintiff as "she." The court assumes the inconsistencies are the result of the inattention of the drafters.

2

1  |  Guest Room Accessibility Details (Ex. 1, Dkt. 15-3);

2) A copy of civil minutes in <u>Orlando Garcia v. Gateway Hotel L.P.</u>, 2:20-cv-10752-PA-GJS (C.D. Cal. Feb. 25, 2021) (Ex. 2, Dkt. 15-4);

3) Order Granting Defendant's Motion to Dismiss in <u>Rafael Arroyo v. JWMFE Anaheim, LLC</u>, 8:21-cv-00014-CJCKES (C.D. Cal. Feb. 16, 2021) (Ex. 3, Dkt. 15-5);

4) Order Granting Defendant's Unopposed Motion to Dismiss in <u>Gilbert Salinas v. Apple Ten SPE Capistrano, Inc.</u>, 8:20-cv-02379-CJC-DFM (C.D. Cal. Feb. 18, 2021) (Ex. 4, Dkt. 15-6);

5) Order Granting Motion to Dismiss in <u>Samuel Love v. Marriott Hotel Services, Inc.</u>, No. 3:20-cv-07137-TSH (N.D. Cal. March 3, 2021) (Ex. 5, Dkt. 15-7);

6) Minutes in Chambers-Court Order in <u>Orlando Garcia v. Chamber Maid, L.P., et al.</u>, No. 2:20-cv-11699-PA-PD (C.D. Cal. March 15, 2021) ("Garcia II") (Ex. 6, Dkt. 15-8);

7) Order Granting Motion to Dismiss in <u>Rafael Arroyo v. AJU Hotel Silicon Valley LLC</u>, No. 4:20-cv-08218-JSW (N.D. Cal. March 16, 2021) ("Arroyo II") (Ex. 7, Dkt. 15-9);

8) Order Granting Motion to Dismiss in <u>Love v. KSSF Enterprises, LTD</u>, No. 3:20-cv-08535-LB (N.D. Cal. March 18, 2021) ("Love II") (Ex. 8, Dkt. 15-10); and

9) A list of nine lawsuits plaintiff filed in the Northern District of California between January 11, 2021, and January 13, 2021, premised on defendant hotels' similarly alleged failures to comply with 28 C.F.R. § 36.302(e).

Plaintiff requests the court not grant the request for judicial notice regarding her litigation history on the basis that it is not relevant to the issues before the court. Dkt. 20 at 2.

In the request for judicial notice in support of its reply (Dkt. 22), defendant asks the court to take judicial notice of several more items:

1) A copy taken by screenshot of the website's reservation system when particular

3

reservation information is entered, including checking the "accessibility symbol" (Ex. 1, Dkt. 22-1);

2) Order Granting Motions to Dismiss in <u>Rios v. RLJ C San Francisco, LP</u>, No. 4:21-cv-0038-KAW (N.D. Cal. April 21, 2021) (Ex. 2, Dkt. 22-2);

3) Order Granting Motions to Dismiss in <u>Arroyo v. SC Landmark Hotels, LLC</u>, No. 4:21-cv-00119-KAW (N.D. Cal. April 21, 2021) (Ex. 3, Dkt. 22-3);

4) Order Granting Motions to Dismiss in <u>Arroyo v. Independence Menlo Hotel Owner, LLC</u>, No. 4:21-cv-00431-KAW (N.D. Cal. April 21, 2021) (Ex. 4, Dkt. 22-4);

5) Order Granting Defendant's Motion to Dismiss Without Leave to Amend in <u>Love v. W by W Almaden Expy I, LLC</u>, No. 5:20-cv-07807-SVK (N.D. Cal. April 9, 2021) (Ex. 5, Dkt. 22-5);

6) Order on Defendant's Motion to Dismiss in <u>Love v. Wildcats Owner LLC</u>, No. 4:20-cv-08913-DMR (N.D. Cal. April 5, 2021) (Ex. 6, Dkt. 22-6);

7) Order Granting Defendant's Motion to Dismiss in <u>Samuel Love v. Ashford San Francisco II LP</u>, 20-cv-08458-EMC (N.D.Cal. April 15, 2021) (Ex. 7, Dkt. 22-7);

8) Order Granting Defendant's Motion to Dismiss Without Leave to Amend in <u>Arroyo v. PA Hotel Holdings, LLC</u>, No. 5:21-cv-00343-SVK (N.D. Cal. April 23, 2021) (Ex. 8, Dkt. 22-8);

9) Order re: Defendant's Motion to Dismiss in <u>Garcia v. Torrance Inn JV, LLC</u>, No. 2:21-cv-00988-RGK-PVC (C.D. Cal. April 20, 2021) (Ex. 9, Dkt. 22-9);

10) Order Granting Defendant's Motion to Dismiss in <u>Garcia v. PHG Irvine Park Place, LLC</u>, No. 8:21-cv- 00374-CJC-JDE (C.D. Cal. April 13, 2021) (Ex. 10, Dkt. 22-10); and

11) Order Granting Motion to Dismiss in <u>Garcia v. SL&C Ontario, LLC</u>, EDCV 21-61-JBG (C.D. Cal. March 26, 2021) (Ex. 11, Dkt. 22-11).

**A.    Website Materials**

Generally, a court may consider factual information from the Internet as long as the facts are not subject to reasonable dispute. <u>See, e.g.</u>, <u>Perkins v. LinkedIn Corp.</u>, 53

1  F.Supp.3d 1190, 1204 (N.D. Cal. 2014). Further, the court may consider not only
2  documents attached to the complaint, but also documents whose contents are alleged in
3  the complaint, provided the complaint "necessarily relies" on the documents or contents
4  thereof, the document's authenticity is uncontested, and the document's relevance is
5  uncontested. Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010); United
6  States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). "The defendant may offer such a
7  document, and the district court may treat such a document as part of the complaint, and
8  thus may assume that its contents are true for purposes of a motion to dismiss under
9  Rule 12(b)(6)." Ritchie, 342 F.3d at 908. The purpose of this rule is to "prevent plaintiffs
10 from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which
11 their claims are based." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (per
12 curiam) (internal marks omitted).

Here, the contents of defendant's website are the essence of the suit—plaintiff contends the website contains insufficient information, so the complaint necessarily relies on the information identified as Exhibit 1 in both requests for judicial notice. Dkt. 15-3 & 22-1. Plaintiff contests other portions of defendant's requests for judicial notice but does not contest the authenticity or relevance of either Exhibit 1. The court GRANTS defendant's request for judicial notice as to each Exhibit 1 of defendant's requests because their contents are referenced in plaintiff's FAC, they show the availability of information on defendant's website, and they are uncontested.

**B.  Court Documents**

The court may judicially notice court documents already in the public record and filed in other courts. Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002); see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of public record"). The judicial orders submitted by defendant in both requests for judicial notice are the proper subjects of judicial notice and thus the requests are GRANTED. On the other hand, the court DENIES the request to notice the list of plaintiff's lawsuits filed between January 11,

5

1 2021, and January 13, 2021. The list compiled by defendant at paragraph 9 of its first
2 request for judicial notice (Dkt. 15-2), though based on the public records of this court, is
3 not the proper subject of judicial notice. Of course, the court may always rely on the
4 opinions and orders of other judges of this court, to the extent the court finds them
5 persuasive.

### III. Motion to Dismiss

Plaintiff advances only two claims based on the alleged civil rights violation: violation of the ADA and violation of California's Unruh Act.

#### A. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." Id. at 679. Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint

6

cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

Review is generally limited to the contents of the complaint, although the court can also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted). The court may also consider matters that are properly the subject of judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

**B.     Analysis**

**1.     Accommodations for Persons with Disabilities**

Title III of the ADA prohibits discrimination against disabled individuals in public accommodations. 42 U.S.C. §12182(a). To recover on an ADA discrimination claim, plaintiffs must prove that (1) they are disabled within the meaning of the statute, (2) the defendants are private entities that own, lease, or operate a place of public accommodation, and (3) the plaintiffs were denied public accommodation by the defendants because of their disability. Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc., 603 F.3d 666, 670 (9th Cir. 2010).

The ADA applies to websites that "impede[] access to the goods and services of . . . places of public accommodation." Robles v. Domino's Pizza LLC, 913 F.3d 898, 905 (9th Cir. 2019), cert. denied 140 S. Ct. 122 (2019). The so-called "Reservations Rule," 28 C.F.R. section 36.302(e), requires a hotel to:

> Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs.

28 C.F.R. § 36.302(e)(1)(ii).

The Department of Justice ("DOJ") issued commentary to the Reservations Rule clarifying that the "reservations system is not intended to be an accessibility survey." See 28 C.F.R. Pt. 36, App. A, "Title III Regulations 2010 Guidance and Section-by-Section

7

Analysis" ("Guidance"). The Guidance explains,

> For hotels that were built in compliance with the 1991 Standards it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices). Based on that information, many individuals with disabilities will be comfortable making reservations.

Id.

The Guidance also notes that "individuals with disabilities may wish to contact the hotel or reservations service for more detailed information" at which point hotel staff "should be available to provide additional information such as the specific layout of the room and bathroom, shower design, grab-bar locations and other amenities available." 28 C.F.R. Pt. 36, App. A. "Contrary to plaintiff's characterization of the Guidance as 'some musings by the DOJ,' the Guidance is entitled to substantial deference." Arroyo v. AJU Hotel Silicon Valley, LLC, No. 20-cv-08218-JSW, Dkt. 24 at 4 (N.D. Cal. Mar. 16, 2021); see also Kohler v. Presidio Int'l, Inc., 782 F.3d 1064, 1069 (9th Cir. 2015).

Numerous courts have agreed that the Reservations Rule is not intended to require an accessibility survey and that the Reservations Rule does not require a hotel to include all potentially relevant accessibility information on its website. See Barnes v. Marriott Hotel Servs., Inc., No. 15-cv-01409-HRL, 2017 WL 635474 at *10 (N.D. Cal. Feb. 16, 2017) (finding website with ADA designation and general "accessible room" descriptions appropriate and acceptable under the DOJ's guidance); Strojnik v. 1315 Orange LLC, No. 19-cv-1991-LAB-JLB, 2019 WL 5535766, at *2 (S.D. Cal. Oct. 25, 2019) (granting motion to dismiss noting that plaintiff failed to cite any authority "suggesting a hotel has an obligation to describe to the public the physical layout of its rooms in exhaustive detail without being asked"); Rutherford v. Evans Hotels, LLC, 2020 WL 5257868, at *17 (S.D. Cal. Sept. 3, 2020) ("[J]ust because [plaintiff] would like additional details does not mean that he is entitled to it under Section 36.302(e)(1)(ii)").

In the instant motion, defendant argues that plaintiff's ADA claim fails on the merits because the reservation system on its website complies with the Reservations Rule. Defendant opens by drawing the attention of the court to the multitude of cases that have failed where the main thrust is violation of the ADA for insufficient detail on hotel websites. Defendant argues that its website complies with the Reservations Rule because it provides similar levels of detail when compared to the hotel websites considered in the related cases. In fact, defendant argues, its website provides the same or more accessibility information than what other courts found sufficient to comply with the Reservations Rule. Defendant highlights that multiple courts find it unnecessary for a website to list all aspects of its compliance with the DOJ Guidance to satisfy the Reservations Rule. Defendant further highlights that in some cases it is sufficient for a feature to be described as "accessible" because that term is defined through regulation to signals compliance with ADA standards.

Plaintiff generally argues that defendant's reservation system violates the Reservations Rule because the website does not provide sufficient detail about accessible features to allow plaintiff, a wheelchair user, to make an independent assessment of whether the Hotel's features would meet her needs. Plaintiff suggests that more detailed descriptions of the guestroom's features are needed, such as specific measurement specifications for the bed clearance, desk height, and roll-in shower.

Plaintiff argues that the minimal detail provided by defendant on its website is insufficient to comport with the Reservations Rule. Plaintiff clarifies that she only seeks additional basic information that is reasonable to provide to wheelchair users. Plaintiff points to the websites of two other Bay Area hotels that provide specifics such as measurements of door widths and clearance around the hotel bed—specifics that, while exceeding the standards of the Reservations Rule, are easily collected and meaningfully help people with disabilities to independently assess the features. In contrast to the cases referenced by defendant, plaintiff cites two 2021 orders denying motions to dismiss on similar facts. In the first, <u>Garcia v. Patel and Joshi Hospitality Corp.</u>, 5:20-cv-02666-

9

JB-PVC (C.D. Cal. March 19, 2021), the court considered the pleading stage simply too early to resolve the plaintiff's claims. In the second, Love v. Cow Hollow Motor Inn Associates, L.P., 20-cv-07525-SK (N.D. Cal. February 17, 2021), the court denied a motion to dismiss, finding a factual dispute that could not be resolved at the pleading stage where the Guidance does not provide an exhaustive list of information sufficient to satisfy the Reservations Rule. Love, 20-cv-07525-SK at *3. Finally, plaintiff attempts to distinguish this case from some of the other district court decisions cited by defendant where dismissal was granted.

Here, the accessibility section of the website lists the accessible features of both the guest rooms and the public areas of the hotel. Dkt. 15-3 at 3. In addition to this general accessibility information, the website describes the accessibility features available in a particular room type. See Dkt. 22-1 at 1 (describing accessibility features in king bed guest rooms with available accessible tubs or accessible roll-in shower). Plaintiff demands specific measurements for the guestroom's bed clearance, desk height, and roll-in shower, but does not provide any precedent in which a court found those specifics were required for Reservation Rule compliance. Plaintiff fails to identify any authority that requires such specificity, acknowledging that the extensive detail provided on the two exemplary hotel websites she refers to is not required by the ADA. Dkt. 20 at 18.

Defendant's website provides the same or somewhat less detail than many other websites that are the subject of the Reservation Rule lawsuits referenced above. For example, the "Accessibility" features listed on the landing page do not include specific measurements but instead generally describe items like "ADA Rooms & Routes," "Wheelchair Accessible Closets," and "Padded Plumbing/Clearance Beneath Vanity." Dkt. 15-3 at 2. These basic facts provide notice that the Hotel has accessible rooms. While plaintiff argues that "claiming something is 'accessible' is a conclusion or opinion," the term "accessible" is specifically defined in the ADA Accessibility Guidelines to describe "a site, building, facility, or portion thereof that complies with these guidelines."

36 C.F.R. part 1191, app. B § 106.5; see also Garcia v. Chamber Maid, L.P., et al., No. 2:20-cv-11699-PA-PD (C.D. Cal. March 15, 2021) (Dkt. 15-8 at 6). Thus, the defendant's use of the term "accessible" is not merely conclusory; rather, defendant intends to convey that the features in the Hotel defined as "accessible" comply with the ADA Standards.

Plaintiff asserts that more is required than defendant's identification of certain features as accessible, but she offers no case law supporting this argument. Nor does she meaningfully address the myriad cases discussed above finding the opposite, and her superficial attempts to distinguish some of defendant's authorities are not persuasive in the face of defendant's reference to over a dozen cases that have similarly failed at the pleading stage within the past year.

The court concludes that defendant's website complies with the Reservations Rule. This conclusion is supported by the ample case law discussed above finding similar information on website reservation systems sufficient to meet the requirements of the Reservations Rule and the DOJ Guidance, which makes clear that specific details about accessibility features do not need to be provided on a hotel website. Plaintiff's ADA claim is therefore dismissed.

### 2. Unruh Civil Rights Act

Plaintiff's Unruh Act claim is predicated on defendant's alleged violation of the ADA. FAC ¶¶ 34-35. Defendant seeks dismissal of this claim as entirely derivative, arguing that absent a viable ADA claim, plaintiff's Unruh Act claim must also be dismissed. Defendant is correct. Because plaintiff's ADA claim must fail, the dependent Unruh Act claim must also fail. See Cullen v. Netflix, Inc., 600 F. App'x 508, 509 (9th Cir. 2015). Plaintiff's Unruh Act claim is dismissed.

### IV. Conclusion

For the reasons stated, the court **GRANTS** defendant's motion to dismiss. As leave to amend would be futile, dismissal is **WITHOUT LEAVE TO AMEND**.

//
//

**IT IS SO ORDERED.**

Dated: June 1, 2021

                                                     */s/ Phyllis J. Hamilton*
                                                     PHYLLIS J. HAMILTON
                                                   United States District Judge